IN RE JONES ET AL.

(No. 1191—Decided March 17, 1961.)

Mr. C. W. Long, for petitioner.

Mr. Robert L. Balyeat, prosecuting attorney, for respondents Allen County Child Welfare Board and others.

Per Curiam. Under the provisions of the last paragraph of Section 2151.28, Revised Code, and the provisions of the first two paragraphs of Section 2151.31, Revised Code, the Juvenile Court of Allen County, Ohio, had adequate authority, in the interests of the welfare of the children herein involved, not only to order their being taken into custody by the officer serving the citation but to order that they be placed "in the custody of a probation officer or other person designated by the court." These statutes do not require a hearing as a condition precedent to the making of either of such orders and, were a hearing considered necessary, independently of statute, it would defeat the legislative intent of these sections and the Juvenile Court Act to protect the welfare of these children pending a hearing on the complaint. It will be noted that the custody given under Section 2151.31 and as provided by such order is merely "temporary custody * * * during pendency of this action." This custody is not the type of custody given subsequent to a hearing on a complaint and does not deprive a parent of any right to legal custody which such parent may have. It merely deprives the parent of the right to physical custody until the complaint can be heard and determined.

Assuming, without deciding, that the Juvenile Court was bound by the requirements set forth in Section 2323.22 of the Revised Code pertaining to the journalization of an order, it will

be observed that that section requires that "the entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized *as of the date of the filing of said entry* or of the written direction by the court." (Emphasis added.) The Judge of a Juvenile Court is the clerk ex-officio of that court. It is our opinion that whenever he signs a written order that as such clerk the same is considered immediately filed with him for journalization and that, if Section 2323.22, Revised Code, pertains to his court, the spreading of such order on the journal of the Juvenile Court, "as of the date of the filing of said entry," is sufficient compliance with the statute. The evidence herein is that the order in question was spread upon the journal of the court on March 9, 1961, prior to the hearing of the petition for a writ of habeas corpus herein. There is no evidence that the order was not spread on the journal "as of the date of the filing thereof," and we must presume, under such circumstances, that the law has been complied with.

The evidence before this court is that there has been no hearing upon the merits of the complaint filed in the action in Juvenile Court, and we must conclude, therefore, that the custody which the Allen County Child Welfare Board presently has is custody during pendency of the action.

There being no showing that the custody of the Allen County Child Welfare Board during pendency of the action in Juvenile Court is illegal, the release of the children named in the petition herein must be and the same hereby is denied.

*Release denied.*

Guernsey, P. J., Middleton and Younger, JJ., concur.